UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALLFOUR,

                        Plaintiff,

           -against-

SALVATORE BONO, JOHN DOE and/or
JANE DOE,

                     Defendants.
---------------------------------------------------------------X

**Report and Recommendation**
CV 11-1619 (JFB)(ARL)

**LINDSAY, Magistrate Judge:**

      On March 28, 2011, *pro se* defendant Salvatore Bono ("Defendant") filed a notice of removal purportedly removing this action from Supreme Court for the State of New York, Suffolk County (Index No. 41887-10) to the United States District Court for the Eastern District of New York.  By letter application dated April 18, 2011, plaintiff's counsel sought leave to move to dismiss the action pursuant to Fed. R. Civ. P. 8 on the grounds that the incomprehensible nature of the removal documents and pleadings made it difficult to seek remand for this foreclosure proceeding.  For the reasons that follow, the undersigned respectfully reports and recommends that this action be remanded back to New York Supreme Court, Suffolk County.

      After reviewing Defendant's *pro se* filing, it is apparent that the only proffered basis for removal is this Court's federal question jurisdiction.  The purportedly removable federal claims, however, are not found in Plaintiff's state court complaint; they are asserted as counterclaims and third party claims by Defendant.  Such claims, as Defendant is well aware having previously attempted to remove a state court action on behalf of Rosaria Niles in Docket No. 06-0447 (JS) (WDW), may not serve as the basis of this Court's removal jurisdiction.  *See MTI Residential*

*Servs. v. Alston,* No. 07-CV-2002 (SJF) (ARL), 2007 WL 1695161, at *3 (E.D.N.Y. May 31, 2007) ("[t]he federal nature of respondents' defense and counterclaim is not sufficient to confer jurisdiction on this Court for purposes of removal") (quoting *Wallace v. Wiedenbeck*, 985 F. Supp. 288, 291 (N.D.N.Y. 1998). "This is because the removability of a state court action is assessed by reviewing the four corners of plaintiff's complaint and a defendant's counterclaim or affirmative defense" does not provide a basis for removal. *Id., see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153-54 (1908).

Here, Defendant does not assert that the state court complaint alleges any federal claims. Indeed, he did not even submit the complaint as part of his voluminous "Notice of Removal" filing. Such a procedural defect, by itself, would authorize *sua sponte* remand in this circuit. *See* 28 U.S.C. 1446(a) (requiring the filing of "all process pleadings, and orders served upon" a defendant in a removal action); *Cassara v. Ralston*, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure); *see also Mitskovski v. Buffalo & Fort Erie Public Bridge Auth.*, 435 F.3d 127 (2d Cir. 2006) (impliedly recognizing a district court's right to, *sua sponte*, remand for procedural defects where the district court acts within 30 days of removal).

Accordingly, the undersigned reports and recommends that this action be remanded back to New York Supreme Court, Suffolk County.

## Objections

A copy of this Report and Recommendation will be sent by the court to all parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this

period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York         **SO ORDERED:**
       May 5, 2011

                                                                   /s/
                                        ARLENE ROSARIO LINDSAY
                                        United States Magistrate Judge