UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――

№ 11-CV-1619 (JFB) (ARL)

―――――――――――

ALLFOUR,

Plaintiff,

VERSUS

SALVATORE BONO, ET. AL.,

Defendants.

―――――――――――

ORDER ADOPTING REPORT AND RECOMMENDATION
June 22, 2011

―――――――――――

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R & R") from the Honorable Arlene R. Lindsay, United States Magistrate Judge, as well as defendant's objections to the R & R. The R & R recommends *sua sponte* that the Court remand this case because defendant has not proffered a valid reason for removal and also because he failed to follow proper removal procedures. For the reasons set forth below, the Court adopts the thorough and well-reasoned R & R of Judge Lindsay because defendant has failed to demonstrate that federal question jurisdiction exists in this case.

I. PROCEDURAL HISTORY

Plaintiff Allfour dba Albarano Holding Corporation ("plaintiff" or "Allfour") commenced this action on November 17, 2010, in New York State Supreme Court, Suffolk County against defendant Salvatore Bono ("defendant" or "Bono") and two Doe defendants. On March 28, 2011, defendant filed a notice of removal in the United States District Court for the Eastern District of New York.

On April 18, 2011, counsel for plaintiff filed a letter with the Court, requesting leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 8 based on the "prolix and incomprehensible" nature of defendant's Third Party Complaint. (Docket 4.) In an

Order dated May 2, 2011, this Court referred plaintiff's motion to Magistrate Judge Lindsay for a report and recommendation, which was issued on May 5, 2011. Defendant filed his objections on May 23, 2011.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed. *See* Fed. R. Civ. P. 72(b); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008) (noting that a report recommending remand was dispositive).

## III. DISCUSSION

### A. Legal Standard

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party to establish its right to a federal forum by competent proof." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, No. 1:00-CV-1898, MDL 1358 (SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (internal quotation marks omitted). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *accord Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006).

Section 1447(c) provides, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As such, "any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)) (internal quotation marks omitted).

### B. Federal Question Jurisdiction

Defendant objects to both reasons for remand provided in the R & R. Namely, defendant contends that his Notice of

Removal raised sufficient issues of federal law and that he did comply with procedures for removal. (Bono Objections at 5, 7.) The Court thus reviews the R & R under the *de novo* standard of review and adopts the R & R's conclusion that there is no federal question jurisdiction in this case.

A case may be filed in federal court "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1331. A well-pleaded complaint may raise a federal question either by (1) asserting a federal cause of action, or (2) presenting state claims that "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Ordinarily, a plaintiff is master of his complaint and may elect to proceed solely under state law even if federal remedies are available." *In re "Agent Orange" Product Liab. Litig.*, 996 F.2d 1425, 1430 (2d Cir. 1993) (citing *Caterpillar*, 482 U.S. at 392), *overruled in part on other grounds by Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31 (2002). Accordingly, "[a] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc.*, 482 U.S. at 399 (emphasis in original). Moreover, the Second Circuit has acknowledged that, while exceptions to the "well-pleaded complaint rule" exist, such exceptions are narrowly limited, on the basis that "state and federal laws have many overlapping or even identical remedies" and because courts generally "respect a plaintiff's choice between state and federal forums." *In re "Agent Orange" Product Liab. Litig.*, 996 F.2d at 1430-31. The complete preemption doctrine, an "independent corollary" to the well-pleaded complaint rule, *Caterpillar Inc.*, 482 U.S. at 393, can "convert[ ] an ordinary state common law complaint into one stating a federal claim[,]" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987), but no such preemption is argued to apply to this case.

None of defendant's grounds for federal question jurisdiction stem from the complaint filed by plaintiff in state court. It is apparent that the complaint (which was annexed to defendant's objections and was received from state court) seeks to recover on a mortgage note signed by defendant.[1] (Bono Objections Ex. 5.) The Notice of Removal asserts that the action arises under various federal statutes. (Notice of Removal ¶ 4.) These causes of action, however, are clearly based on defendant's counterclaims and Third Party Complaint. (*See* Verified Answer, Affirmative Defenses and Counterclaim ¶¶ 87, 117, 122, 165; Third Party Complaint ¶ 18.) It is well-established that counterclaims

---

[1] Defendant asserts that plaintiff's state court complaint is "fraudulent and artfully pleaded." (Bono Objections at 13, 21.) Defendant's argument is unavailing. It is clear that plaintiff's sole cause of action is to recover for a debt that defendant allegedly owes. To the extent defendant is arguing that he was a victim of fraud when he signed the mortgage note, or that the mortgage note itself is a false document, defendant can make those arguments in state court as they do not provide grounds for federal question jurisdiction.

cannot be the basis for the exercise of federal jurisdiction. *See, e.g., Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002); *MTI Residential Servs. v. Alston*, No. 07-CV-2002 (SJF)(ARL), 2007 WL 1695161, at *3 (E.D.N.Y. May 31, 2007) ("The federal nature of respondents' defense and counterclaim is not sufficient to confer jurisdiction on this Court for purposes of removal."). Similarly, claims made in a Third Party Complaint cannot provide a basis for federal jurisdiction. *See Harris v. G.C. Services Corp.*, 651 F. Supp. 1417, 1418-19 (S.D.N.Y. 1987) ("The absence of federal jurisdiction over the main claim is not remedied by the commencement of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an independent action. Any other holding would simply encourage parties to make improvident removals and then cure them by impleading the United States Government." (citation omitted).) Thus, this Court adopts the conclusion of the R & R that defendant has failed to provide a valid reason for removal based on federal question jurisdiction.

The Court need not reach the alternate ground provided in the R & R for remand–namely, that defendant's Notice of Removal is procedurally defective. In sum, the Court concludes that federal law is not implicated by plaintiff's claim, which is grounded purely in state law. In short, there is simply no basis for federal question jurisdiction in this case.[2]

---

[2] Defendant does not allege that diversity jurisdiction exists in this case. Nor does it appear that there would be diversity jurisdiction in this case. Furthermore, to the extent defendant is requesting leave to file an amended Third Party Complaint (Bono Objection at 5), this Court does not have jurisdiction to address this request.

## IV. CONCLUSION

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R & R *de novo*, the Court adopts the findings and recommendations contained in the R & R. The action is hereby remanded to the Supreme Court of the State of New York, Suffolk County, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is directed to close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: June 22, 2011
   Central Islip, New York

\* \* \*

The attorney for plaintiff is William D. Wexler, Esq., 816 Deer Park Avenue, North Babylon, New York 11703. Defendant is proceeding *pro se*.

4